UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOM BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:10-CV-2173-G |
| BARRY GORE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are (1) the motions of third-party defendants Justin L. Godsey

("Godsey") and J. Russell Ormesher ("Ormesher") for more definite statement, and

(2) the motion to dismiss of the defendants Chris Stark, E-Guide Services, Inc., and

FYI Television, Inc. ("the Stark defendants") to dismiss the plaintiff's first amended

complaint.  For the reasons set forth below, the motions for a more definite statement

are granted, and the motion to dismiss is granted in part and denied in part.

## I. BACKGROUND

On October 28, 2010, the plaintiff Tom Bruce ("Bruce") filed his original

complaint against the defendants Barry Gore ("Gore"), E-Guide Services, Inc., Dean

Manson, Chris Stark, FYI Television, Inc., Vertical Media Holdings, Inc. ("VMDH"),

Bill Drayer, and Rick Modena. Plaintiff's First Amended Complaint ¶¶ 1, 2 (docket

entry 1). On January 6, 2011, Gore and VMDH filed their original answer. *See*

Defendant's Barry Gore and Vertical Media Holdings, Inc., Original Answer (docket

entry 10, 11). On May 23, 2011, Bruce filed his first amended complaint. *See*

Plaintiff's First Amended Complaint ("Complaint") (docket entry 33). Bruce claims

that Gore and VMDH, among others, schemed to falsely market an investment

named "HoteleGuide," sell unregistered securities in this investment, and then

bankrupt the investment after stripping all equity from it. See *id*. Bruce asserted the

following claims: offer and sale of unqualified securities in violation of California

Corporations Code §§ 25110 and 24403; securities fraud in violation of Exchange Act

§ 10(b) ("Section § 10(b)") and Exchange Act Rule 10b-5 ("Rule 10b-5");

unregistered broker or dealer in violation of California Corporation Code § 25501.5;

violations of the Texas Securities Act; civil conspiracy and aiding and abetting in the

fraudulent sale of securities in violation of Texas law; and misrepresentations and

omissions, control and material assistance in violation of California Corporations

Code §§ 25401, 25501, 25504, 25504.1. See *id.*

On or about June 6, 2011, Gore and VMDH served Ormesher and Godsey

with Gore and VMDH's third-party complaint. Third-Party Defendant's Motion for

More Definite Statement ("Motion for More Definite Statement") at 1 (docket

entries 38, 39). On June 24, 2011, Ormesher and Godsey filed nearly identical motions for a more definite statement.[1] *See* Motion for More Definite Statement.

## II. ANALYSIS

### A. Standard for Determination under Rules 12(e) and 8(a)

Ormesher and Godsey allege that the third-party complaint is so vague that they cannot adequately respond to it because (1) the third-party plaintiffs give no notice as to the particular act or acts that are the basis of the complaint and (2) no explanation is provided as to the basis of third-party defendants' liability. *Id.* at 3. When a party moves under Rule 12(e) for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). A more definite statement of a pleading is required when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Federal Rule of Civil Procedure 8(a)(2) requires that a claimant give "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8(a)(2), a plaintiff's complaint is not required to set out detailed facts about the claim; rather, it need only notify the defendant as to the nature of the claim against them and the grounds upon which that claim rests. See *Charles E. Beard, Inc. v.*

---

[1]      Thus, only one citation is provided.

- 3 -

*Cameronics Tech. Co.*, 120 F.R.D. 40, 41 (E.D. Tex.1988), *aff'd*, 939 F.2d 280 (5th Cir. 1991).

Even with under the minimal standards of Rule 8(a)(2), the court concludes that Gore and VMDH's third-party complaint does not provide enough information for the third-party defendants to adequately respond.  There is no explanation provided as to the basis of third-party defendants' liability, and therefore, the nature of the claim is unclear.  Gore and VMDH's first and only count against third-party defendants is titled "[a]ll causes of action in Plaintiff's Complaint."  Defendant's Gore and VMDH Third Party Complaint ("Third-Party Complaint") at 3 (docket entry 13).  The first count provides no additional details and states "[t]hird-party Defendants are liable to Plaintiff, Defendants Gore and VMDH for all or part of Plaintiff's claim against Defendants."  *Id.* ¶ 18.  The plaintiff brought seven claims against the defendants involving eighty-eight (88) paragraphs.  *See* Complaint.  Gore and VMDH's allegation that the third-party defendants are liable for all or part of these claims is vague.  Moreover, while Rule 10(c) authorizes adoption by reference in later pleadings of a matter contained in previous pleadings, it must be done with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation.  FED. R. CIV. P. 10(c); *Heintz & Co. v. Provident Tradesmens Bank & Trust Co.*, 29 F.R.D. 144, 145 (E.D. Pa. 1961) (third-party complaint did not incorporate original complaint when paragraphs were referenced

without clarifying the extent of the allegations to be adopted and incorporated). The language within the third-party complaint, which references "all or part" of eighty-eight paragraphs, does not provide enough specificity and clarity required by Rule 10(c) to successfully incorporate the plaintiff's claims into the third-party complaint.

Additionally, the third-party plaintiffs give no notice as to the particular act or acts that are the basis of the complaint, and therefore, fail to provide grounds upon which their claim rests. The third-party plaintiffs merely state that Ormersher "has served as legal counsel of HoteleGuide" and Godsey was an "owner, corporate officer and member of the Board of Directors of HoteleGuide." Third Party Complaint ¶¶ 13, 14. The additional allegation that Ormersher and Godsey were "involved in the incident that led to the original complaint" does not clarify the grounds upon which their claim rests. *Id.* Thus, this pleading is not clear enough to serve the purpose of notice pleading contemplated by the rules. Similarly, the pleading is not sufficient to provide notice of claims as to the Stark defendants.

B. Standard for Determination under Rules 12(b)(6) and 9(b)

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357), *cert. denied*, 459 U.S. 1105 (1983). Granting such a motion "is a 'precarious disposition with a high mortality rate.'" *Id*. (quoting *Barber v. Motor Vessel "Blue Cat*," 372 F.2d 626, 627 (5th Cir. 1967)).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 9(b), a plaintiff must state with particularity the circumstances establishing a claim of fraud.[2] FED. R. CIV. P. 9(b). What constitutes particularity will "necessarily differ with the facts of each case." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). At a minimum, courts

---

[2]    Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *Id*.

require the plaintiff to specifically state the time, place, and contents of the alleged false representation, as well as the identity of the person making the alleged misrepresentation and what that person obtained thereby. See *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.) (citing *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1068 (5th Cir. 1994)), *cert. denied*, 522 U.S. 966 (1997); *United States ex rel. Doe v. Dow Chemical Company*, 343 F.3d 325, 328 (5th Cir. 2003) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.") (citation omitted). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corporation*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citing *Tuchman*, 14 F.3d at 1067). Dismissal of a fraud claim for failure to plead the claim with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). See *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

The thrust of the motion to dismiss is that Bruce has failed to state claims upon which this court could grant him relief. Although the claims are vague, the court concludes that Bruce should have ten days from the date of this order to replead his fraud claims under Exchange Act Section § 10(b) and Rule 10b-5 with greater particularity against the Stark defendants, in accordance with Rule 9(b), F.R.

CIV. P., and also to adequately demonstrate that he has standing to bring these claims against these defendants.

### III.  <u>CONCLUSION</u>

For the above reasons, the motions of the third-party defendants for a more definite statement are **GRANTED**.  Accordingly, Gore and VHDM shall serve on Ormesher and Godsey, within ten days of the date of this order, an amended complaint stating in greater detail their claims against the defendants.  See FED. R. CIV. P. 12(e).  The defendants' motion to dismiss is **DENIED** with the following exception:  Bruce shall have ten days from the date of this order to replead his fraud claims under Section § 10(b) and Rule 10b-5 with greater particularity against the Stark defendants in accordance with Rule 9(b), F.R. CIV. P., and also adequately demonstrate that he has standing to bring these claims against these defendants. Failure to file and serve an amended complaint within that time, setting forth those claims with more particularity, will result in dismissal of this case without further notice.

**SO ORDERED**

March 22, 2012.

*C. Joe Fish*
_____
**A. JOE FISH**
**Senior United States District Judge**