UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOM BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:10-CV-2173-G |
| BARRY GORE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Chris Stark ("Stark") and E-Guide Services, Inc. ("E-Guide") to dismiss the second amended complaint of the plaintiff Tom Bruce ("Bruce") (docket entry 60). For the reasons stated below, the motion is denied.

### I. BACKGROUND

On March 22, 2012, this court granted the motions of third-party defendants Justin L. Godsey and J. Russell Ormesher for more definite statement, and granted in part and denied in part the motion to dismiss of the defendants Chris Stark, E-Guide Services, Inc., and FYI Television, Inc. ("the Stark defendants") to dismiss Bruce's

first amended complaint (docket entry 46). The court gave Bruce ten days from the date of that order to replead his fraud claims under Exchange Act § 10(b) and Exchange Act Rule 10b-5 with greater particularity against the Stark defendants in accordance with Rule 9(b), F.R. CIV. P., and also to adequately demonstrate that he had standing to bring these claims against these defendants. On March 30, 2012, Bruce filed his amended complaints (docket entries 47-49). Stark and E-Guide then filed the instant motion.

## II.  ANALYSIS

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357), *cert. denied*, 459 U.S. 1105 (1983). Granting such a motion "is a 'precarious disposition with a high mortality rate.'" *Id*. (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 9(b), a plaintiff must state with particularity the circumstances establishing a claim of fraud.[*] FED. R. CIV. P. 9(b). What constitutes particularity will "necessarily differ with the facts of each case." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). At a minimum, courts require the plaintiff to specifically state the time, place, and contents of the alleged false representation, as well as the identity of the person making the alleged misrepresentation and what that person obtained thereby. See *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.) (citing *Tuchman v. DSC Communications Corporation*, 14 F.3d 1061, 1068 (5th Cir. 1994)), *cert. denied*, 522 U.S. 966 (1997); *United States ex rel. Doe v. Dow Chemical Company*, 343 F.3d 325, 328 (5th Cir. 2003) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.") (citation omitted). "Anything less fails to

---

[*] Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *Id*.

provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corporation*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citing *Tuchman*, 14 F.3d at 1067). Dismissal of a fraud claim for failure to plead the claim with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6). See *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

The thrust of the motion to dismiss is that Bruce has failed to state claims upon which this court could grant him relief. The court concludes, however, that Bruce sufficiently pleaded standing and his fraud claims with greater particularity, and that Stark and E-Guide have failed to show that Bruce could prove no set of facts in support of his claims that would entitle him to relief.

### III. CONCLUSION

For the reasons stated above, the motion to dismiss is **DENIED**.

**SO ORDERED**.

March 7, 2014.

_____
**A. JOE FISH**
**Senior United States District Judge**